**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| CRAIG ALFORD, <br><br> Plaintiff, <br> v. <br><br> MR. WISENHOWER, WARDEN TAYLOR, CAMDEN COUNTY HALL OF JUSTICE, MR. LEONARD, AND NJ STATE PAROLE BOARD, <br><br> Defendants. | Civ. No. 17-6259 (RMB) <br><br> **OPINION** |

**BUMB, District Judge**

Plaintiff Craig Alford brings this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") that is deficient because he did not submit "the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" as required by 28 U.S.C. § 1915(a)(2). (IFP App., ECF No. 1-3.)[1] Thus, the Court will administratively terminate this action, subject to reopening if Petitioner files a complete IFP application or pays the filing fee.

---

[1] The Court received Plaintiff's account certification by a prison official but did not receive the 6-month account statement.

Plaintiff should be aware that if he is granted *in forma pauperis status*, he must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

After Plaintiff completes his IFP application by submitting his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.[2]

I.  STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the

---

[2] This Court's conclusive screening of Plaintiff's claims is reserved until he obtains *in forma pauperis* status. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

3

assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Complaint

Plaintiff alleges that Defendant Wisenhower, Warden Taylor, and the New Jersey State Parole Board violated his right to due process because they are aware that his confinement is illegal. (Compl., ECF No. 1, ¶6.) Plaintiff asserts his confinement is illegal based on the Parole Board's failure to provide him with a preliminary hearing within fourteen days of his arrest for technical parole violations. (Id.) Plaintiff states that he also filed a petition for writ of habeas corpus challenging the Parole Board's actions. (Id.)

Plaintiff further alleges Warden Taylor and Defendant Leonard[3] denied him access to the law library. (Id.) In response to his requests to go to the law library, Plaintiff was told "to request legal work," but when he requested materials, they told him they did not know what he was talking about. (Id.) Plaintiff concluded

---

[3] The caption of the Complaint indicates that Defendant Leonard is the law librarian at Camden County Jail.

4

that either the law library was inadequate or there was no law library. (Id.) He attached copies of his requests for legal materials to the Complaint. (ECF No. 1-2.) Additionally, Plaintiff alleged someone was reading his confidential legal mail. (Compl., ECF No. 1 at 4.)

Plaintiff alleged Warden Taylor, Defendant Leonard, and the Camden County Court denied his right to a public defender in his parole revocation proceeding. (Compl., ECF No. 1 at 5.) Additionally, although not named in the caption of the Complaint, Plaintiff alleges the "Camden County Jail Psychiatrist" failed to provide him with the medication trazadone since August 18, 2017. (Id.)

After submitting his complaint to the court, Plaintiff submitted a series of letters seeking to add new claims based on events that occurred after filing. (Letters, ECF Nos. 2-6.) The Court does not permit amendment of a complaint by letter. An amended complaint must comply with Federal Rules of Civil Procedure 8 (General Rules of Pleading), 10 (Form of Pleadings,) and 15 (Amended and Supplemental Pleadings).

An amended complaint completely replaces the previous complaint; therefore, it must contain all of the claims against all of the defendants. See Oleson v. Bureau of Prisons, Civ. No. 09-5706 (NLH), 2012 WL 6697274 (D.N.J. Dec. 21, 2012) (citing 6 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d §

1476 (1990)). Federal Rule of Civil Procedure 20 permits defendants to be joined in one action only if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

If Plaintiff's claims against the various defendants do not meet the requirements of Rule 20, he must file separate complaints, each with either payment of the filing fee or an application to proceed *in forma pauperis*. In the instant complaint, Plaintiff's claim against the psychiatrist at Camden County Jail does not meet the joinder requirements of Rule 20. Plaintiff should file a separate action if he wishes to pursue a claim regarding his medical care.

B.  Section 1983 claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

6

> equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### 1. Camden County Jail, Camden County Hall of Justice and Camden County Court are not a proper defendants

A court, courthouse and a prison are not "person[s]" subject to liability under § 1983. See Ray v. New Jersey, 219 F. App'x 121, 124 (3d Cir. 2007) (holding Superior Court of New Jersey is not a person under § 1983, and the Eleventh Amendment also bars the plaintiff from obtaining relief against the court); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (county prison was not a "person" capable of being sued under § 1983.") Therefore, the claims against Camden County Jail, Camden County Hall of Justice, and Camden County Court fail to state a claim upon which relief may be granted, and such claims would be dismissed upon review under 28 U.S.C. §§ 1915(e)(2)(B), § 1915A.

### 2. The New Jersey State Parole Board is not a proper defendant

The New Jersey State Parole Board is not a "person" who can be sued within the language of § 1983. Madden v. New Jersey State

Parole Board, 438 F.2d 1189, 1190 (3d Cir. 1971); accord Thrower v. The New Jersey State Parole Board, 438 F. App'x 71 (3d Cir. 2011) (per curiam). Instead, a plaintiff may sue the individual Parole Board members in their personal/individual capacity. See Hafer v. Melo, 502 U.S. 21, 27 (1991) ("[a] government official in the role of personal-capacity defendant thus fits comfortably within the statutory term 'person.'")

       3.    <u>Plaintiff fails to state a Due Process Claim based on the New Jersey Parole Board's failure to hold a preliminary hearing within fourteen days of his arrest for parole violation</u>

Plaintiff seeks to hold Defendant Wisenhower, Warden Taylor and the New Jersey State Parole Board liable because they were aware his confinement was illegal due to the Parole Board's failure to hold a preliminary hearing within fourteen days of his arrest. First, Plaintiff has not alleged who Defendant Wisenhower is or what control he had over Plaintiff's custody in jail. Therefore, he has not stated a deprivation of his liberty interest by Wisenhower.

Second, Plaintiff's claim that Warden Taylor kept him illegally confined knowing that the New Jersey Parole Board violated his right to due process is barred by Heck v. Humphrey and Wilkinson v. Dotson.

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

8

> conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Butler v. Pennsylvania Bd. of Probation and Parole, 613 F. App'x 119, 123 (3d Cir. 2015) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)).

In Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005), the Supreme Court refined its decision in Heck. See Butler, 613 F. App'x at 123. The Supreme Court explained that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought … no matter the target of the prisoner's suit … —if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. (quoting Wilkinson, 544 U.S. at 81-82.) Thus, the Third Circuit held that "§ 1983 actions that, if successful, would necessarily demonstrate the invalidity of a parole board's decision regarding the length or revocation of parole, are also not cognizable under Heck unless and until the board's decision has been invalidated." Id. (citing Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006)).

In Butler, the Third Circuit held that the plaintiff's claim was Heck-barred based on his argument that the Parole Board lost all legal authority to revoke his parole because the revocation hearing was untimely. Id. at 124. The same is true here of Plaintiff's claim that Warden Taylor kept him in illegal

confinement when the New Jersey State Parole Board failed to hold a preliminary revocation hearing within fourteen days. Plaintiff alleged he filed a habeas petition, but he did not allege that the Parole Board's decision was invalidated. Thus, in screening Plaintiff's complaint, this Court would find Plaintiff's due process claim against Warden Taylor Heck-barred.[4]

    3. **Plaintiff fails to state a claim for deprivation of a right to counsel in his parole revocation proceeding**

First, Plaintiff has not named a proper defendant to his claim that he was denied counsel in his parole revocation proceeding because prison officials do not determine whether an inmate receives counsel in a parole revocation hearing, and the New Jersey State Parole Board and the Camden County Court are not proper defendants. Second, whether there is a due process right to counsel in a parole revocation hearing is determined on a case-by-case basis. Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973). The Supreme Court has provided some guidance in the case-by-case analysis:

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of

---

[4] Not all Section 1983 claims based on due process violations in the parole revocation context are subject to Heck-bar. Butler, 613 F. App'x at 125, n. 5. For example, if success on the due process claim would result in a speedier hearing as opposed to immediate release or a shorter stay in prison, the claims are not barred by Heck. Id.

>             the conditions upon which he is at liberty; or
>             (ii) that, even if the violation is a matter
>             of public record or is uncontested, there are
>             substantial reasons which justified or
>             mitigated the violation and make revocation
>             inappropriate, and that the reasons are
>             complex or otherwise difficult to develop or
>             present. In passing on a request for the
>             appointment of counsel, the responsible agency
>             also should consider, especially in doubtful
>             cases, whether the probationer appears to be
>             capable of speaking effectively for himself.
>             In every case in which a request for counsel
>             at a preliminary or final hearing is refused,
>             the grounds for refusal should be stated
>             succinctly in the record.

Id.

Plaintiff has not pled sufficient facts to establish that he was entitled to counsel in his parole revocation hearing. Even if he named a proper defendant to this claim, he fails to state a claim, and the claim would be dismissed on screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A.

### 3. Plaintiff fails to state a First Amendment access to courts claim

Plaintiff alleges he requested certain legal materials, and the materials were not provided to him because prison personnel could not find what he was asking for. Therefore, Plaintiff concludes the law library at the jail is either inadequate or it does not actually exist.

The right to access the courts is not a right to a prison legal library or legal assistance in prison, those are just examples of "the means for ensuring 'a reasonably adequate

opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 823 (1977)). To state a claim for denial of access to courts, a plaintiff must allege actual injury such that a "nonfrivolous legal claim had been frustrated or was being impeded." Casey, 518 U.S. at 353. Plaintiff's right of access to courts claim would not survive screening under §§ 1915(e)(2)(B), 1915A because he has not alleged an actual injury to his right of access to courts.

    4.    <u>Plaintiff fails to state a First Amendment right to freedom of speech claim</u>

Plaintiff alleged that someone is reading his legal mail. He did not identify who read his legal mail or how he learned of this. To state a § 1983 claim, a plaintiff must allege the personal involvement of a defendant in the constitutional violation. Iqbal, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Moreover, prisoners do not have an unfettered constitutional right to privacy of their legal mail. See Jones v. Brown, 461 F.3d 353, 360 (3d Cir. 2006) ("[t]e fact that the legal mail policy burdens prisoners' First Amendment rights does not … tell whether the policy is constitutional.") Without more facts about the circumstances of prison personnel

reading Plaintiff's legal mail, he does not state a claim that would survive screening under 28 U.S.C. §§ 1915(e)(2)(B); 1915A.

III. CONCLUSION

The Court will administratively terminate this matter without prejudice because Plaintiff failed submit a complete IFP application under 28 U.S.C. § 1915(a)(2). Plaintiff is advised that if he cures the deficiencies in his IFP application and reopens this action, his civil rights complaint, without amendment, would be dismissed without prejudice upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A.

An appropriate order follows.

Dated: January 31, 2018

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**